**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50091 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00863-SVW-1 |
| v. | |
| JIMMY LUONG, AKA Jimmy Loung, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 6, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Defendant Jimmy Luong ("Defendant") was convicted of conspiracy to

manufacture 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and

841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant appeals from the district court's denial of his motion to suppress evidence derived from the Government's wiretap of his cell phone, and from the search of an automobile he was driving. Defendant contends that: (1) the Government's affidavit in support of its wiretap application failed to establish the requisite "necessity"; (2) the affidavit impermissibly relied on material misrepresentations and omissions; and (3) the Government lacked probable cause to search Defendant's vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** "[W]e review the issuing judge's decision that the wiretap was necessary for an abuse of discretion." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001). "Title III [of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518(1)(c),] prohibits electronic surveillance by the federal government except under carefully defined circumstances." *Id.* "The statute requires that the issuing judge determine whether the wiretap application contains facts that support a finding that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *Id.* "Taken together, §§ 2518(1)(c) and (3)(c) require a full and complete statement establishing necessity." *Id.* The district court acted within its discretion when it determined that the Government's affidavit in support of its

wiretap application established necessity for the interceptions. The affidavit very carefully set forth each traditional investigative technique that had been employed or considered and explained why those techniques had been, or were anticipated to be, unsuccessful in exposing the organization as a whole.

2.      Defendant's argument that the Government's affidavit impermissibly relies on material misstatements and omissions fails as well. We "review de novo whether a full and complete statement of the facts was submitted in compliance with 18 U.S.C. § 2518(1)(c)." *Id.* The only argument that Defendant made in the district court that arguably supports his current contention was that the Government's affidavit could be construed to be internally inconsistent, and thus misleading, as to the success of utilizing confidential informants. However, under Defendant's theory, any inconsistency was facially apparent from the plain language of the affidavit. Accordingly, there was no misrepresentation or omission, let alone one that would have been material to the district court's decision authorizing the interceptions.

Defendant waived all other grounds on which he purports to base this argument because he failed to raise them below. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). Even absent waiver, however, each of Defendant's remaining arguments fail on the merits. Although Defendant has

identified one instance of surveillance that the Government omitted from its affidavit, he has failed to show how that omission—or any other purportedly misrepresented or omitted fact—is legally material. *See Blackmon*, 273 F.3d at 1209 (citing *United States v. Ippolito*, 774 F.2d 1482, 1487 n.3 (9th Cir. 1985)).

3.      Finally, the district court properly determined that officers had probable cause to search Defendant's car during the course of a traffic stop. "A district court's denial of a motion to suppress is reviewed de novo, while the factual findings underlying the denial of the motion are reviewed for clear error." *United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005). "Probable cause exists if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Alvarez*, 899 F.2d 836, 839 (9th Cir. 1990) (citation and internal quotation marks omitted). Police officers had probable cause to search Defendant's car because: (1) the car was registered to a woman who was subject to an outstanding warrant for drug-related charges; (2) an officer observed that Defendant had tattoos associated with gang membership; (3) Defendant admitted he was a member of a gang known to deal drugs; and (4) the officer observed a cardboard box containing thousands of pills he suspected to be ecstasy sitting on the floor of the passenger side of the car.

**AFFIRMED.**